## AMY & Co. *v.* CITY OF SELMA.[*]

*(Circuit Court, M. D. Alabama.   May, 1882.)*

THE ACT OF THE LEGISLATURE OF ALABAMA OF FEBRUARY 23, 1872, REPEALS THE ACT OF FEBRUARY 8, 1866.

> The tax authorized to be levied to pay the principal and interest of the bonded debt of the city of Selma, and to create a sinking fund therefor, is to be in lieu of all taxes now assessed; and the act further excepts the act of 1859–60 from its operation. Hence the act of 1866, authorizing the levy of a 1 per cent. tax, is repealed.
>
> "Including one excludes all others."

*Mandamus* to Levy Tax.   Demurrer to return.

*Pettus & Dawson*, for relators.

*Brooks & White*, for respondents.

PARDEE, C. J.   It is not necessary to state all the facts of this case in order to make my ruling understood. It is sufficient to say that relators claim a right to the levy of the specific 1 per cent. tax, as provided by the act of the Alabama legislature, approved February 8, 1866, under which act relators' bonds, now merged in judgment, were issued. The respondents, in their return, claim that the authority to levy the tax of 1 per cent. under the act of 1866, was repealed and superseded by an act of the Alabama legislature, approved February 23, 1872, entitled "An act to authorize the mayor and council of the city of Selma to establish and provide a sinking fund for the payment of the principal and interest of the bonded debt of said city."

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

And further, that subsequent to the passage of the said act, after various negotiations between relators and the agents of the city of Selma, relators accepted the terms of the act, extended the time of payment of their bonds then past due, accepted new coupons to be attached to their bonds, and for a consideration of 5 per cent., under the guise of commissions for agency, waived their rights, if any they had, to the specific tax of 1 per cent. authorized by the act of 1866. Also, that since 1872 relators have demanded, received, and accepted large sums from the sinking fund created by the act of 1872, and thereby accepted said act. There can be no doubt that the relators' rights under the act of 1866 are unaffected by the act of 1872, unless by contract or conduct they have waived such rights. The return makes the square issue of such waiver, not only by setting forth the alleged contract in writing, of date March 1, 1872, but by alleging subsequent agreements and considerations paid therefor. If the issue were made solely on the written agreement, I am inclined to think that, considering the terms of the agreement, the respondents' return might be held insufficient on demurrer. A question has been made as to whether the act of 1872 really repeals the authority given by the act of 1866 to levy the 1 per cent. tax therein specified.

I am of the opinion that a fair construction of the act of 1872 leaves no question of that kind. The tax authorized to be levied to pay the principal and interest of the bonded debt of the city of Selma, and to create a sinking fund therefor, is to be "in lieu of all taxes now assessed," and the act further excepts the act of 1859–60 from its operation. "Including one excludes all others."

For these reasons the demurrer to the return ought to be overruled, and it is so ordered.